**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **ETHELIND MIZAR**,<br><br>Plaintiff,<br><br>v.<br><br>**EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANSUNION LLC; INNOVIS DATA SOLUTIONS, INC.; FACTORTRUST, INC.**<br><br>Defendants. | Case No. 3:26-cv-00153-IM<br><br>**OMNIBUS ORDER GRANTING EQUIFAX & EXPERIAN'S MOTIONS TO DISMISS AND TRANSUNION & FACTORTRUST's MOTIONS FOR JUDGMENT ON THE PLEADINGS** |

**IMMERGUT, District Judge.**

This is a lawsuit filed by Ethelind Mizar against various Credit Reporting Agencies ("CRAs"): Equifax Information Services LLC ("Equifax"), Experian Information Services, Inc. ("Experian"), TransUnion, LLC ("TransUnion"), Innovis Data Solutions, and FactorTrust, Inc. ("FactorTrust"), alleging violations of the Fair Credit Reporting Act ("FCRA"). Complaint, ECF 1 ¶ 1. Plaintiff alleges that Defendants violated §§ 1681g, 1681e(b), and 1681i of the FCRA by

failing (1) "to maintain reasonable procedures [] to ensure maximum possible accuracy," (2) "to conduct [] reasonable reinvestigations" when she requested her complete file disclosure, and (3) to "provide Plaintiff with a complete, unredacted, and fully compliant consumer file disclosure," even after Plaintiff provided follow-up demand letters. *Id.* ¶¶ 1–6. Currently before this Court are the Motions to Dismiss filed by Equifax, ECF 13, and Experian, ECF 22, as well as TransUnion and FactorTrust's Motions for Judgment on the Pleadings. *See* Minute Order, ECF 36.

Following Defendants Equifax and Experian's Motions to Dismiss, Defendants TransUnion LLC and FactorTrust, Inc. filed Notices of Joinder for Motion to Dismiss (ECF 13). ECF 20; ECF 21. This Court ordered "Defendants TransUnion and FactorTrust to provide legal authority to support their effort to join a Rule 12(b)(6) motion to dismiss after they [had] already answered the Complaint." Minute Order, ECF 31. Defendants TransUnion and FactorTrust responded requesting the Court consider their requests for joinder as motions for judgment on the pleadings. Response Regarding Notice of Joinder FactorTrust, Inc., ECF 33 at 2; Response Regarding Notice of Joinder TransUnion LLC, ECF 32 at 2. This Court permitted "Defendants TransUnion and FactorTrust to join Defendants Experian and Equifax's 12(b)(6) motions to dismiss … as 12(c) motions for judgment on the pleadings." Minute Order, ECF 36.

For the reasons stated below, this Court GRANTS the Motions to Dismiss filed by Equifax, ECF 13, and Experian, ECF 22, as well as TransUnion and FactorTrust's Motions for Judgment on the Pleadings.

## STANDARDS

### A. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a complaint based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim when it does not contain *sufficient factual matter*

which, when accepted as true, gives rise to a plausible inference that a defendant violated a plaintiff's rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (cleaned up).

To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Iqbal*, 556 U.S. at 678–79.

**B. Judgment on the Pleadings**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Because a motion for judgment on the pleadings is "functionally identical" to a motion to dismiss for failure to state a claim, the same standard of review applies to both motions. *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law."

*Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (quoting *HeliotropeGen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 979 (9th Cir. 1999)).

Because the standards for motion to dismiss and motion for judgment on the pleadings are "functionally identical," *Dworkin*, 867 F.2d at 1192, this Court will consider all arguments in ECF 13 and ECF 22 as applied to Equifax, Experian, TransUnion, and FactorTrust (hereafter, "Defendants").

## DISCUSSION

### A. 15 U.S.C. § 1681g – Negligent & Willful Violations of the FCRA

Plaintiff alleges that Defendants have a duty to "disclose the required information to consumers who make written requests and provide sufficient identity verification" under 15 U.S.C. § 168lg, and that Plaintiff properly requested information from Defendants and did not receive all the information Defendants were required to provide. Complaint, ECF 1 ¶ 104. Plaintiff alleges this was either because Defendants did so willfully—with knowledge or recklessly disregarding the plain statutory language—*Id.* ¶ 122, or, in the alternative, because "Defendants failed to maintain reasonable procedures designed to ensure compliance with the statutory disclosure requirements or engaged in practices so grossly inadequate as to constitute negligence." Complaint, ECF 1 ¶¶ 105–111. Defendants present a variety of arguments that (1) Plaintiff is not entitled to the level of information she believes she is, (2) Plaintiff has not clearly plead what is missing from her report, and (3) any failure to provide information does not rise to the level of a negligent or willful omission that violates the FCRA. *See generally* Equifax Motion to Dismiss ("Equifax MTD"), ECF 13; Experian Motion to Dismiss ("Experian MTD"), ECF 22.

"To establish a claim under Section 1681g, a plaintiff must provide sufficient evidence to show that: (1) the plaintiff requested a copy of his consumer disclosure; (2) the defendant failed

to provide the plaintiff with the information in his credit file; (3) the plaintiff suffered actual damages; and (4) the plaintiff's damages were caused by the defendant's failure to disclose the information." *Bell-Loffredo v. Equifax Info. Servs., LLC*, No. 2:21-CV-03637-CBM-EX, at *2 (C.D. Cal. Oct. 6, 2022) (citing *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200–01 (2021)). Further, to violate the statute "willful[ly]" means "knowing[ly]" or with "reckless disregard." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57–59 (2007). To allege willful conduct, the Plaintiff also must plead facts that show that Defendants' actions were (1) "a violation under a reasonable reading of the statute's terms," and (2) that Defendants "ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69.

First, Defendant Experian explains that Plaintiff is mistaken as to what information she is entitled to under the FCRA. Experian MTD, ECF 22 at 2, 7–10. Experian argues that Plaintiff is only entitled to "complete copies of [her] consumer report[], not [] entire files in whatever form maintained by the CRA." *Id.* at 7. It is indeed the case that Plaintiff is only entitled to "complete copies of [her] consumer reports" and not entire files. *Shaw v. Experian Info. Sols., Inc.,* 891 F.3d 749, 761 (9th Cir. 2018). Plaintiff does not contest that she is not entitled to all data the CRAs possess about her under Section 1681g(a)(1). Plaintiff's Response in Opposition to Motions to Dismiss ("Pl. Resp."), ECF 38 at 4. However, Plaintiff argues that this only addresses her claims under 1681g(a)(1) and does not mean that she is not entitled to the information defined in subsections (a)(2) through (a)(5) that she also alleges was not provided to her.[1] *Id.*

[1] This includes the sources of the information on file, the identification of each person who procured a consumer report, information related to checks that form the foundation for any adverse characterization of the consumer, and record of all inquiries into the consumer's credit in the past year not made by the consumer. 15 U.S.C. § 1681g(a)(2)–(a)(5).

To this, Defendants Experian and Equifax respond that even if Plaintiff is entitled to more information under the law than what she received, Plaintiff's allegations regarding what is missing from the provided reports are too vague or conclusory. Experian MTD, ECF 22 at 13–15; Equifax MTD, ECF 13 at 5. Plaintiff notes, however, that it should be sufficient that she sent each Defendant an "itemized list of exactly what it did wrong" and that each Defendant did "nothing about it." Pl. Resp., ECF 38 at 5. Moreover, Plaintiff disputes her ability to plead with more specificity because "by definition I do not know … the specific content of information I was never shown." *Id.* at 4. This Court is not asking Plaintiff to somehow find out what Defendants have and did not share, but rather to allege beyond simply listing the contents of the relevant statute, what is missing and how she knows it is—or why she believes it to be—missing. *See* Complaint, ECF 1 ¶¶ 25, 38–40 (Equifax), 41–43 (Experian), 44–46 (TransUnion), 50–52 (FactorTrust). Plaintiff has other ways to know, at least somewhat, what information about her Defendants may have; for example, she has access to her credit score, which shows factors affecting her credit, that would help inform her if something was missing from the report provided by Defendants. *See* Experian MTD, ECF 22 at 10. It is not enough to simply speculate that information is missing without establishing specific information—such as a single specific account, inquiry, source, or piece of information—she believes to be missing. *See Johnson v. Experian Info. Sols., Inc.*, No. 2:18-CV-114-JAM-EFB PS, 2019 WL 951425, at *2 (E.D. Cal. Feb. 27, 2019) (granting a motion to dismiss when Plaintiff alleged "conclusory allegations" because "plaintiff [did] not identify any specific information that was wrongfully withheld, nor [did] he provide any basis for his belief that defendants failed to provide him with all information in his file."). A complaint that "does not identify any specific information that was wrongfully

withheld" is "speculative guesswork [that] is insufficient to plausibly plead a cause of action" under Section 1681g. *Diaz v. Chase*, 416 F. Supp. 3d 1090, 1097 (D. Nev. 2019).

Further, even if information was missing from her report, Plaintiff does not explain how any of the other Defendants "recklessly disregarded" or even negligently violated the FCRA, but rather just concludes that their actions reached that level. Complaint, ECF 1 ¶¶ 7, 55 (alleging Defendants' conduct was willful because their "responses, stall tactics, incomplete information, and continued noncompliance following formal written notice demonstrate either intentional circumvention of statutory obligations or systematically grossly inadequate procedures for handling consumer file disclosure requests."). For these reasons, Plaintiff's claims under Section 1681g should be dismissed.

**B. 15 U.S.C. §1681e(b) – Reasonable Procedures for Accuracy**

Plaintiff claims that Defendants have failed to "maintain reasonable procedures designed to assure maximum possible accuracy of the information concerning individuals who are subjects of consumer reports," and that Defendants "failed to maintain reasonable procedures … particularly information relating to accounts belonging to Plaintiff's former husband." Complaint, ECF 1 ¶¶ 126–27. Defendant Equifax argues that Plaintiff has not stated a claim under 15 U.S.C. § 1681e(b) because she has not pleaded "unreasonable procedures" nor adequately alleged any inaccuracy. Equifax MTD, ECF 13 at 5–6.

To prove a credit reporting agency's violation of Section 1681e(b), a plaintiff must prove that "(1) inaccurate information was included in [plaintiff's] credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) [plaintiff] suffered injury; and (4) [plaintiff's] injury was caused by the inclusion of the inaccurate entry." *Haykuhi Avetisyan v. Experian Info. Sols., Inc.*, No. CV 14–05276–AB (ASX),

2016 WL 7638189, at *7 (C.D. Cal. June 3, 2016) (cleaned up). Even if a report contained inaccurate information, the CRA is not liable if it can demonstrate that the "inaccurate report was generated despite the agency's following reasonable procedures." *Id.* (quoting *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)).

Other than generally alleging that "accounts belonging to her former husband" are part of her file, Plaintiff has not alleged any inaccurate entry. Complaint, ECF 1 ¶¶ 20, 127, 133. Plaintiff alleges that she has "explicitly disputed" these accounts, *id.* ¶133, but does not elaborate how and when she disputed these accounts. Plaintiff acknowledges that these allegations of inaccuracies are "thinner than the rest of what I pled." Pl. Resp., ECF 38 at 5.

Plaintiff must provide "sufficient factual matter to state a facially plausible claim for relief," *Shroyer*, 622 F.3d at 1041, and to demonstrate that she communicated to Defendants that these accounts were incorrect and that Defendants did not follow "reasonable procedures" in generating the report. *Haykuhi Avetisyan*, 2016 WL 7638189, at *7. Because Plaintiff has not done so here, her Section 1681e claims against Defendants are dismissed.

**C. 15 U.S.C. § 1681i – Reasonable Reinvestigation**

Plaintiff alleges that Defendants have failed to conduct reasonable reinvestigation despite her "repeatedly" contacting Defendants "regarding accounts in her consumer file that do not belong to her." Complaint, ECF 1 ¶ 131–37. Defendant Equifax argues that Plaintiff has not alleged that Equifax conducted an unreasonable reinvestigation in connection to any dispute, as she has simply made "conclusory allegations … without supporting facts." Equifax MTD, ECF 13 at 6. Defendants further argue that because Plaintiff has failed "to plausibly allege an inaccuracy[,]" there is no duty to reinvestigate under Section 1681i. Experian MTD, ECF 22 at

11; Joint Reply in Support of Motion to Dismiss and Joinder in Motion to Dismiss ("Joint Reply"), ECF 41 at 4–5.

A CRA is noncompliant with Section 1681i's requirement to conduct reasonable reinvestigation when "(i) the plaintiff's credit report contains inaccurate or incomplete information, … (ii) the plaintiff notified the consumer reporting agency directly of the inaccurate or incomplete information … (iii) the plaintiff's dispute is not frivolous or irrelevant … [and] (iv) the consumer reporting agency failed to respond to the plaintiff's dispute with a reasonable reinvestigation." *Saenz v. Trans Union, LLC*, 621 F. Supp. 2d 1074, 1082 (D. Or. 2007) (cleaned up). Although Plaintiff has broadly claimed that her report inaccurately contained her former husband's accounts, Complaint, ECF 1 ¶¶ 20, 127, 133, as discussed in Section B above, Plaintiff has failed to allege how and when she communicated with Defendants that the accounts were incorrect—in other words, how Defendants were on notice of the inaccurate reporting—and how exactly any steps that Defendants did or did not take did not qualify as a reasonable reinvestigation. Given Plaintiff has not done so, all claims related to Section 1681i against Defendants are dismissed.

**D. Causation Fails for All Claims**

Defendant Experian argues that to establish a claim for violation of Sections 1681g, 1681e(b), or 1681i(a), Plaintiff needs to have alleged actual damages caused by Defendants' violations and that she has not done so. Experian MTD, ECF 22 at 12–13. This is because, Defendant explains, (1) Plaintiff does not allege that a complete disclosure would have allowed her to amend missing information that would have avoided her injury, and (2) she does not allege that "speculative errors were sufficiently material such that, if identified and corrected, would have increased her credit scores sufficiently to meet the requirements of her creditors." *Id.*

Plaintiff alleges that her damages are "documented" and "continuing[,]" but does not explain how Defendants' actions resulted in her damages. Complaint, ECF 1 ¶¶ 64–102. For example, she alleges that she has been "subjected to financial marginalization as a direct result of Defendants' violations," *id.* ¶¶ 88–90, but does not explain how her lack of being provided complete information resulted in this outcome. Was she denied a loan? An apartment lease? Was it based on the lenders or landlords reviewing an unfavorable credit report with inaccurate information about her? If she had received what she claims she is entitled to from the Defendants, would she have been able to change the disfavorable information in the report? These are all crucial questions to this Court's legal analysis that Plaintiff does not answer in her Complaint. Absent answers to these questions, Plaintiff has failed to allege causation, and therefore, independent of the above, has not stated a valid claim under the FCRA.

**E. Injunctive Relief**

Defendant Experian argues that the injunctive relief that Plaintiff seeks is not available under the FCRA. Equifax MTD, ECF 13 at 7. Plaintiff does not contest the dismissal for injunctive relief. Response, ECF 38 at 2. Further, as a matter of law, the FCRA does not permit injunctive relief. *See Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1145 (N.D. Cal. 2005) ("Plaintiff's FCRA claims are based on 15 U.S.C. §§ 1681n and 1681o, which enumerate the forms of relief available and include actual damages, attorneys' fees, and punitive damages for violations of § 1681n. Neither provision includes injunctive relief."); 15 U.S.C. § 1681n; 15 U.S.C. § 1681o.

**F. Leave to Amend**

Because this Court dismisses Plaintiff's Complaint, it must decide whether to grant leave to amend. A court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P.

15(a)(2). Plaintiff may file an amended complaint within thirty (30) days. Plaintiff's amended complaint should include any facts that she believes supports her claims. "Each allegation must be simple, concise and direct." Fed. R. Civ. P. 8(d)(1).

## CONCLUSION

For the foregoing reasons, Defendants Equifax and Experian's Motions to Dismiss, ECF 13 and ECF 22, are GRANTED and the claims against those Defendants are DISMISSED without prejudice. For the same reasons, Defendants TransUnion and FactorTrust's Motions for Judgment on the Pleadings, *see* ECF 36, are also GRANTED. All claims against TransUnion and FactorTrust are DISMISSED without prejudice. Plaintiff is GRANTED leave to amend.

**IT IS SO ORDERED**.

DATED this 18th day of November, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge